# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**

    v.

CARLOS AYALA-LOPEZ (1),

    **Defendant**

**CASE NO.** 3:03-CR-055-01 (JAG)

**MEMORANDUM & ORDER**

The First Circuit recently issued an Opinion vacating defendant Carlos Ayala-Lopez's ("Defendant") convictions, sentences, and special assessments on counts two and four of the Second Superseding Indictment. (See Docket No. 1577). In response, the Court scheduled a re-sentencing hearing for December 18, 2012. (Docket No. 1581). The Court later rescheduled that hearing for December 20, 2012 due to a calendar conflict with a criminal trial. (Docket No. 1583). On December 18, 2012 - two days before the hearing - Defendant filed a Motion to Continue on grounds that he was not present in Puerto Rico. (Docket No. 1584). The Court granted that motion, and re-scheduled the hearing for February 1, 2013. (Docket No. 1585). For the reasons stated below, the Court reconsiders its initial order calling for a sentencing hearing, as none is necessary in this case. Consequently, Defendant's Motion to Continue is

denied as moot, and the hearing currently scheduled in Docket No. 1585 is vacated *sine die*. The Judgment shall be modified by written order consistent with the First Circuit's mandate.

On appeal, the First Circuit held that Defendant's firearms convictions were duplicative and therefore imposed in violation of the Double Jeopardy Clause.[1] Accordingly, Defendant's **"convictions**, sentences, and special assessments" on counts two and four were vacated. (Docket No. 1577, p. 13)(our emphasis). The rest were affirmed in their entirety. (Id.). The First Circuit then remanded the case to this Court for further proceedings – but nowhere did it mention that resentencing was required. This makes sense, as there is no basis to re-sentence a defendant where the underlying conviction has been vacated.[2]

---

[1] Neither party brought this issue to the Court's attention before Defendant was sentenced.

[2] Even if a re-sentencing hearing were necessary, the Court would still deny the Motion to Continue, as Defendant's presence in this particular case is not necessary. The situation at hand "must be distinguished from the case in which [the appeals court] vacates all sentences and remands for resentencing." U.S. v. Shubbie, 778 F.2d 199, 200 (5th Cir. 1985). "In that instance, the defendant is entitled to be present and allocute." Id.. But where, as here, "an invalid sentence on one count is vacated and a valid sentence on another count is permitted to stand, the presence of the prisoner is not required." Williamson v. United States, 265 F.2d 236, 239 (5th Cir. 1959); see also United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996) (holding defendant's presence unnecessary when resentencing is a nondiscretionary correction of the original sentence). The Court further believes that it would be highly burdensome to bring defendant to what amounts to a pro-forma proceeding, as he would

The appeals court envisioned a quick resolution to this matter, noting that "because Ayala was sentenced to life imprisonment on counts one, five, and six, [the implementation of its] remedy 'requires **only a mechanical adjustment** on remand.'" (Id., quoting United States v. King, 554 F.3d 177, 181 (1st Cir. 2009))(our emphasis). The Court takes heed of this mandate, and will accordingly issue an amended judgment eliminating Defendant's convictions, sentences and special assessments under the counts mentioned above. The Court has no discretion to do otherwise.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of December, 2012.

s/ Jay A. Garcia-Gregory<br>JAY A. GARCIA-GREGORY<br>United States District Judge

---

have to be brought cross-country and housed at MDC-Guaynabo, as that facility has limited capacity for housing inmates.